Case 1:17-cv-00089 Document 14 Filed on 08/02/18 in TXSD Page 1 of 16

United States District Court
Southern District of Texas
**ENTERED**
August 02, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ANDRES RAMOS ORDONES, | § | |
| Movant, | § | |
| | § | |
| v. | § | Civil Action No. 1:17cv89 |
| | § | (Criminal No. 1:15cr1065-1) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Movant Andres Ramos Ordoñes's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (hereinafter, Ordoñes's "Motion" or "§ 2255 Motion"). Dkt. No. 1. Ordoñes's § 2255 Motion attacks his judgment of conviction and sentence in *United States v. Andres Ramos Ordonez*, 1:15-cr-1065-1.[1] The Government has filed a Motion to Dismiss and Alternative Motion for Summary Judgment (hereinafter, the Government's "Motion"). Dkt. No. 13. For the reasons provided below, it is recommended that the Court **GRANT** the Government's Motion and **DISMISS** Ordoñes's § 2255 Motion with prejudice. Additionally, it is recommended that the Court **DECLINE** to issue a certificate of appealability.

---

[1] Hereinafter, Movant's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers. Further, in his instant § 2255 Motion, Movant lists his name as "Andres Ramos Ordoñes." Dkt. No. 1 at 1, 7. The Court will refer to Movant as Ordoñes in this Report and Recommendation, but notes that the record reveals that he has used other names. *See* CR Dkt. No. 27 at 1 (identifying Ordoñes as "Andres Ramos Ordonez A/K/A Junior Garcia-Torres"); CR Dkt. No. 19 at 2 (listing six other aliases).

## I. Background

On March 3, 2016, Ordoñes pleaded guilty in this Division to being an alien unlawfully found in the United States after deportation, subsequent to having been convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b). *See* CR Dkt. No. 27 at 1. On June 15, 2016, United States District Judge Rolando Olvera sentenced Ordoñes to 57 months of imprisonment. *Id*. at 1-2. Judgment was entered on June 29, 2016. *Id*. at 1. Ordoñes filed a notice of appeal on June 23, 2016. CR Dkt. No. 25. The Court of Appeals for the Fifth Circuit dismissed his appeal on March 28, 2017, finding that he had raised "no nonfrivolous issue for appellate review." CR Dkt. No. 41 at 1-2.[2]

Ordoñes filed his instant pro se § 2255 Motion on April 24, 2017. Dkt. No. 1. Ordoñes's Motion purports to assert three separate grounds for relief. First, he claims that his trial counsel provided him with ineffective assistance by failing to "adequately and intelligently" explain "the legalities" of his case. Dkt. No. 1 at 4. Second, he contends that his counsel provided him with ineffective assistance when he failed to inform him of, and object to, the contents of his Presentence Investigation Report. *Id*. Third, he asserts that the Court improperly enhanced his sentence pursuant to United States Sentencing Guideline § 2L1.2(b)(1)(A)(ii)

---

[2] Ordoñes filed an initial, premature § 2255 motion in this Division on February 13, 2017, prior to the dismissal of his appeal. CR Dkt. No. 37. The Court dismissed this motion, without prejudice to refiling, on March 15, 2017. CR Dkt. No. 39 (adopting Magistrate Judge's Report and Recommendation); CR Dkt. No. 38 (Magistrate Judge's Report and Recommendation recommending dismissal without prejudice because Ordoñes's appeal was still pending).

because the offense relied upon to enhance his sentence was not a "crime of violence" for sentencing purposes. *Id*.

The Government contends that all of Ordoñes's claims lack merit and are subject to dismissal under Federal Rule of Civil Procedure 12(b)(6); and, alternatively, under Federal Rule of Civil Procedure 56. Dkt. No. 13 at 13-24.

## II. Legal Standards

**28 U.S.C. § 2255.** Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

**FED. R. CIV. P. 12(b)(6)**. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must state a claim upon which relief can be granted or the complaint may be dismissed with prejudice as a matter of law. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss for failure to state a claim, well-

pleaded facts must be accepted as true and viewed in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) and *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

In *Katrina Canal Breaches*, the Fifth Circuit acknowledged the Supreme Court's abrogation of the "no set of facts" standard for determining the adequacy of a pleading:

> We have often stated that a claim should not be dismissed under Rule 12(b)(6) unless the plaintiff would not be entitled to relief under any set of facts or any possible theory he may prove consistent with the allegations in the complaint. *See, e.g., Martin K. Eby Constr.*, 369 F.3d at 467 (quoting *Jones*, 188 F.3d at 324). This standard derived from *Conley v. Gibson*, which stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957). But recently in *Bell Atlantic*, the Supreme Court made clear that the *Conley* rule is not "the minimum standard of adequate pleading to govern a complaint's survival." 127 S.Ct. at 1968-69.

495 F.3d at 205 n.10. To withstand a Rule 12(b)(6) motion, then, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* at 205 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570-72, 127 S. Ct. 1955, 1974 (2007)). This means that a complaint, taken as a whole, "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory[.]" *Twombly*, 550 U.S. 544, 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) (internal quotation marks omitted; emphasis and omission in original)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 2944 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id*. Although the Supreme Court in *Twombly* stressed that it did not impose a probability standard at the pleading stage, an allegation of a mere possibility of relief does not satisfy the threshold requirement of Rule 8(a)(2) that the "plain statement" of a claim include factual "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. *Twombly*, 550 U.S. 544, at 557. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 684, 129 S.Ct. 1937, 1953 (2009) (rejecting the argument that the *Twombly* plausibility pleading standard applied only in antitrust cases and expressly holding the standard applies "all civil actions."). A court need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions[.]" *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

**Federal Rule of Civil Procedure 56.** The standard applied when ruling on a motion for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 56(a). In pertinent part, Rule 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id., see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986) (same). Mere allegations of a factual dispute between the parties will not defeat an otherwise proper motion for summary judgment. Rule 56 requires that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), *cert. denied*, 531 U.S. 831, 121 S.Ct. 84 (2000). District courts considering motions for summary judgment in ordinary civil cases are required to construe the facts in the case in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255. Additionally, courts must construe the pleadings of pro se litigants liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**Ineffective Assistance of Counsel.** The "Sixth Amendment guarantees a[ll] defendant[s] the right to have counsel present at all 'critical' stages of the criminal proceedings" instituted against them. *Missouri v. Frye*, 566 U.S. 134, 140 (citing *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009)). Critical stages include not only trial, but also pretrial proceedings — including the plea-bargaining process. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012); *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Even though sentencing does not concern the defendant's guilt or innocence, ineffective assistance of counsel during a sentencing hearing is also constitutionally impermissible. *Lafler*, 566 U.S. 156.

The constitutional standard for determining whether a criminal defendant has been denied effective assistance of counsel at any of the critical stages mentioned above was announced by the Supreme Court in *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. 668, 687 (1984).

In order to demonstrate that his attorney's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness." *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland v. Washington*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994). A convicted defendant carries the burden of proof and must overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 230 (5th Cir. 2000); *Green v. Johnson*, 160 F.3d 1029, 1036 n.1 (5th Cir. 1998); *Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993).

In reviewing counsel's performance, the Court must be "highly deferential," making every effort "to eliminate the distorting effects of hindsight," and must "indulge a strong presumption that counsel's conduct falls within the wide range of

reasonable professional assistance." *Strickland*, 466 U.S. at 689. Any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution. *Id*. In order to establish that he sustained prejudice, the convicted defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Williams v. Taylor*, 529 U.S. 362, 391; *Strickland*, 466 U.S. at 694.

The prejudice prong of *Strickland* focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Williams*, 529 U.S. at 393 n. 17; *Strickland*, 466 U.S. at 692. Because a convicted defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or actual prejudice under that test will ordinarily make it unnecessary to examine the other prong. *See Strickland*, 466 U.S. at 700; *Ransom v. Johnson*, 126 F.3d at 716, 721 (5th Cir. 1997); *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); *Armstead v. Scott*, 37 F.3d 202, at 210 (5th Cir. 1994). Therefore, failure to establish that counsel's alleged performance fell below an objective standard of reasonableness renders moot the issue of prejudice. *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990); *Thomas v. Lynaugh*, 812 F.2d 225, 229-30 (5th

Cir. 1987). It is also generally unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice. *See Black v. Collins*, 962 F.2d at 401; *Martin v. McCotter*, 796 F.2d 813, 821 (5th Cir. 1986).

### III. Discussion

Ordoñes's unsigned, unsworn Motion attempts to raise three separate claims. Dkt. No. 1 at 4-5.[3] The Government argues that all three claims are subject to dismissal under Rule 12(b)(6) and Rule 56. Dkt. No. 13 at 13-24. The Court will address each of Ordoñes's claims, although not in the order presented.

**Ordoñes's Third Claim**. Ordoñes asserts that his sentence was improperly enhanced pursuant to § 2L1.2(b)(1)(A)(ii) of the United States Sentencing Guidelines (hereinafter, "U.S.S.G." or the "Sentencing Guidelines") because the offense relied upon to enhance his sentence was not a "crime of violence" for sentencing purposes. Dkt. No. 1 at 4. He states his claim, in its entirety, as follows:

> Government fails to justify District Courts' Application of the "crime of violence" sentencing enhancement. I feel that I am entitled to resentencing for elimination of the (16) sixteen point "crime of violence" enhancement set forth in U.S.S.G. statute 2L1.2(b)(1)(A)(ii). For the reason that the predicate offense was not a "crime of violence" for sentencing purposes. Where the predicate offense is any of the several offenses "specifically enumerated" in statute 2L1.2, the court compares the predicate offense with the generic definition of the enumerated offense rather than the "crime of violence" definition more

---

[3] In its unsigned, unsworn state, Ordoñes's Motion fails to comply with the Federal Rules of Civil Procedure and the Rules Governing Section 2255 Proceedings. *See* FED. R. CIV. P. 11(a) (requiring unrepresented parties to sign their pleadings and motions), and Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings (requiring unrepresented movants to sign their § 2255 motions under penalty of perjury).

> generally. Therefore statute 2L1.2 does not apply unless the elements of the predicate offense match or are narrower than those of the generic "aggravated felony."

*Id*. at 4-5 (errors in original, formatting altered).

In sentencing Ordoñes, Judge Rolando Olvera adopted the Presentence Investigation Report ("PSR") prepared by the United States Probation Office. *See* CR Dkt. No. 19 (PSR); CR Dkt. No. 27 (Judgment); CR Dkt. No. 28 at 1 (Statement of Reasons, adopting the PSR "without change"); CR Dkt. No. 31 at 2 ("The Court hereby adopts the PSR without objection."). The PSR stated that a sixteen-point sentencing enhancement was appropriate under § 2L1.2(b)(1)(A)(ii) because Ordoñes had been "convicted of the felony crime of violence offense of Attempt Take Weapon from Officer[.]" CR Dkt. No. 19 at 4 (errors in original).

The record confirms that, in January of 2013, the 197th Judicial District Court of Cameron County, Texas convicted Ordoñes of attempting to take a weapon from an officer in violation of § 38.14(b) of the Texas Penal Code. CR Dkt. No. 24 at 1, 6. At the time of his conviction, § 38.14(b) provided:

> A person commits an offense if the person intentionally or knowingly and with force takes or attempts to take from a peace officer, federal special investigator, employee or official of a correctional facility, parole officer, community supervision and corrections department officer, or commissioned security officer the officer's, investigator's, employee's, or official's firearm, nightstick, stun gun, or personal protection chemical dispensing device with the intention of harming the officer, investigator, employee, or official or a third person.

Tex. Pen. Code § 38.14(b) (2011).

In 2012, the Fifth Circuit held that a conviction under § 38.14(b) qualifies as a crime of violence for purposes of applying U.S.S.G. § 2L1.2(b)(1)(A)(ii). *United*

*States v. Avalos–Martinez,* 700 F.3d 148, 153 (5th Cir. 2012) ("[T]he crime of attempting to take a weapon from a peace officer has the use of force against a person as a necessary element," thus, "it qualifies as a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). The district court did not err in applying the sixteen-level enhancement."). The Fifth Circuit in *Avalos–Martinez* was examining the version of § 38.14(b) that existed in 2005. *Id.* at 151, n. 4. However, the 197th Judicial District Court convicted Ordoñes under a substantively identical version of § 38.14(b). *Compare* Tex. Pen. Code § 38.14 (2005) ("A person commits an offense if the person intentionally or knowingly and with force takes or attempts to take from a peace officer . . . the officer's firearm, nightstick, or personal protection chemical dispensing device with the intention of harming the officer or a third person."), *with* Tex. Pen. Code § 38.14 (2011) ("A person commits an offense if the person intentionally or knowingly and with force takes or attempts to take from a peace officer . . . the officer's . . . firearm, nightstick, stun gun, or personal protection chemical dispensing device with the intention of harming the officer, investigator, employee, or official or a third person.").

Ordoñes has not addressed *United States v. Avalos–Martinez*, or otherwise demonstrated that his sentence was wrongfully enhanced. *See* Dkt. No. 1 at 4-5. Ordoñes has also failed to respond to the Government's Motion, which argues that claims challenging a court's application of the Sentencing Guidelines are not cognizable under 28 U.S.C. § 2255. Dkt. No. 13 at 22-23; *see United States v. Payne*, 99 F.3d 1273, 1281-82 (5th Cir. 1986) ("claims that the guidelines were improperly

applied are not cognizable under § 2255"); *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (claims alleging a misapplication of the Sentencing Guidelines "are not cognizable in § 2255 motions"); *Richardson v. United States*, Civil Action No. 5:16-CV-62, 2018 WL 3352743, at *15 (E.D.Tex., May 9, 2018) ("A district court's technical application of the Sentencing Guidelines does not give rise to constitutional issues. As a result, claims that the court misapplied the [S]entencing [G]uidelines are not cognizable under § 2255.") (citations omitted).

Finally, to the extent that Ordoñes is implying that § 2L1.2's crime-of-violence definition is as unconstitutionally vague, and therefore a violation of his due process rights, his argument has been foreclosed by the Supreme Court's recent decision in *Beckles v. United States*, ––– U.S. –––, 137 S.Ct. 886, 197 (2017) (finding that the Sentencing Guidelines are not subject to challenge on the grounds of vagueness under the Due Process Clause); *United States v. Johnson*, 880 F.3d 226, 234 n. 1 (5th Cir. 2018) (same).[4]

Accordingly, Ordoñes's claim that his sentence was improperly enhanced under U.S.S.G. § 2L1.2(b)(1)(A)(ii) lacks merit and is subject to dismissal. *See Beckles v. United States*, 137 S.Ct. 886, 197 (finding that the Sentencing Guidelines are not subject to challenge on the grounds of vagueness under the Due Process Clause); *United States v. Payne*, 99 F.3d 1273, 1281-82 ("claims that the guidelines were improperly applied are not cognizable under § 2255"); *United States v. Avalos–Martinez*, 700 F.3d 148, 153 ("[T]he crime of attempting to take a weapon from a

---

[4] Ordoñes does not clearly raise a vagueness challenge to U.S.S.G. § 2L1.2(b)(1)(A)(ii). Dkt. No. 1 at 4-5. However, because he is pro se and his third claim is vague, the Court addresses *Beckles* in order to leave no intended claim unaddressed.

peace officer has the use of force against a person as a necessary element," thus, "it qualifies as a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii)"); *Gonzalez–Martinez v. United States*, Civil Action No. 1:16–195, 2017 WL 663568, at \*3 (S.D. Tex., Jan. 18, 2017) (same).

**Ordoñes's Second Claim**. Ordoñes contends that his counsel provided him with ineffective assistance when he failed to inform him of, and object to, the contents of his PSR. Dkt. No. 1 at 4. Specifically, he states:

> No objection was made to the "PSR." Clearly I would have objected knowing its context. At the time the "PSR" was presented, appointed counsel made no effort to dispute its findings. Unaware of the manufactured findings covered in the "PSR," not once did I protest, due to the fact that its context were never disclosed or even translated properly to myself. Knowing its importance in the sentencing, I would have challenged its contents.

*Id.* (errors in original, formatting altered). Ordoñes makes no additional allegations in support of this claim.

Ordoñes does not identify the portions of the PSR that he finds objectionable. To the extent he is arguing that his counsel should have objected to the application of U.S.S.G. § 2L1.2(b)(1)(A)(ii), his claim fails. As noted above, he has not shown that the Court erred in applying U.S.S.G. § 2L1.2(b)(1)(A)(ii), and his counsel was not required to file frivolous objections or motions. *See Green v. Johnson*, 160 F.3d 1029, 1042 ("counsel is not required to file frivolous motions or make frivolous objections"). Ordoñes has also failed to provide any facts in support of his claim that his counsel had a duty to object to the PSR. Dkt. No. 1 at 4. Conclusory allegations of deficient performance and prejudice do not satisfy *Strickland's* two-

pronged test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). Ordoñes second claim is meritless and subject to dismissal.

**Ordoñes's First Claim**. Ordoñes argues that his trial counsel provided him with ineffective assistance by failing to "adequately and intelligently" explain "the legalities" of his case. Dkt. No. 1 at 4. He indicates that his counsel's failures here were exacerbated by the court translator's failure to "show any effort in translating the context" to him. He also suggests that this had something to do with his public defender's alleged failure to file an appeal on his behalf. *Id*. Ordoñes makes no additional allegations in support of this claim.

Ordoñes's allegations here are vague and conclusory. He does not identify the information his counsel allegedly failed to explain. He also fails to provide any facts which would support a finding that his counsel's performance caused him prejudice. Additionally, an appeal was filed on Ordoñes's behalf by the Federal Public Defender. Dkt. No. 13-2. Conclusory allegations of deficient performance and prejudice do not satisfy *Strickland's* two-pronged test. *Miller v. Johnson*, 200 F.3d 274, 282. Ordoñes's first claim lacks merit and is subject to dismissal.

### IV. Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different

manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Ordoñes has not made a substantial showing of the denial of a constitutional right.

### V. Recommendation

For the foregoing reasons, it is recommended that the Court **GRANT** the Government's Motion (Dkt. No. 13), and **DISMISS** Ordoñes's § 2255 Motion (Dkt. No. 1) with prejudice. Additionally, it is recommended that the Court **DECLINE** to issue a certificate of appealability.

## VI.  Notice to the Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 2nd day of August, 2018.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**